ALEXANDER A. CONWAY *vs.* GEORGE E. MURPHY.

Suffolk. January 3, 1934. — September 12, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*District Court*, Rules of court. *Rules of Court. Practice, Civil*, Appellate division: request for report, report.

Promulgation of a rule of a district court, that "written request for a report to the Appellate Division shall be filed with the clerk within five days after notice of the final finding in any cause," was within the power conferred by G. L. (Ter. Ed.) c. 218, § 43.

A failure by a party to an action in a district court to comply with the rule above quoted was sufficient to warrant a dismissal of a draft report which he, without first having filed a request for a report, had filed nine days after he received notice of a finding by the trial judge adverse to him.

TORT. Writ in the Municipal Court of the South Boston District dated March 14, 1932.

The action was heard in the municipal court by *Logan,* J., who found for the plaintiff in the sum of $500. Proceedings relating to the dismissal of the draft report filed by the defendant are described in the opinion. The Appellate Division for the Northern District ordered dismissed a report of the dismissal of the draft report. The defendant appealed.

*G. L. Wainwright,* for the defendant.

*L. Bean, Jr.,* for the plaintiff.

RUGG, C.J. This is a petition to establish a report respecting a trial in a district court. A finding in favor of the plaintiff was filed on February 25, 1933, and notice thereof was sent. The defendant states in his brief that he received the notice on February 27, 1933. He filed a draft report on March 8, 1933. That report on motion was dismissed by the trial judge. By decision of the Appellate Division the report was dismissed for failure to comply with Rule 27 of the District Courts (1932). So far as here material that rule provides that "written request for a report to the Appellate Division shall be filed with the clerk within five days after notice of the final finding in any cause."

Promulgation of the rule was within the power conferred by G. L. (Ter. Ed.) c. 218, § 43. The defendant failed to comply with it. *Massachusetts Drug Co.* v. *Bencks,* 256 Mass. 535. The filing of the draft report was dependent for its validity upon the precedent filing of a request for report. See *Krock* v. *Consolidated Mines & Power Co. Ltd.* 286 Mass. 177. It is not necessary to determine whether the filing of a draft report within the five days limited by the rule would be sufficient because it was not so filed. See *Lawrence* v. *Board of Registration in Medi-*

*cine,* 239 Mass. 424, 427. There is nothing in St. 1933, c. 255, embodying among other matters the substance of the rule, which justifies the conclusion that the rule was not valid before its enactment.

*Order of Appellate Division affirmed.*