DANIEL L. MURPHY *vs.* WILLIAM C. BARRY, INC.

Suffolk.     May 18, 1936. — July 1, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Practice, Civil*, Appellate Division: request for report.

A draft report, filed after the five day period set by G. L. (Ter. Ed.) c. 231, § 108, as amended by St. 1933, c. 255, § 1, but within an extended period allowed by the court under Rule 29 of the Municipal Court of the City of Boston (1932), as amended in 1935, could not be "deemed," under said amended § 108, "to include a request for a report"; and, if no such request had been filed within the period set by said § 108 as amended, a petition to establish the report properly was denied.

TORT. Writ in the Municipal Court of the City of Boston dated November 9, 1934.

The action was heard by *Carr*, J., who found for the defendant and later disallowed a "claim of report" by the plaintiff. The Appellate Division denied a petition to establish a report. The plaintiff appealed.

*Simon Cohen*, for the plaintiff.

*W. G. Reed*, for the defendant.

*J. F. Carroll* & *W. A. Lackey*, by leave of court, submitted a brief as *amici curiae*.

PIERCE, J. This is an appeal from an order of the Appellate Division denying the plaintiff's petition to establish

his report. G. L. (Ter. Ed.) c. 231, § 108, as amended by St. 1933, c. 255, § 1. Rule 29 of the Municipal Court of the City of Boston (1932), as amended by rule of said Municipal Court dated June 24, 1935, effective August 31, 1935. The action is one of tort on a writ which issued from the Municipal Court of the City of Boston on November 9, 1934. The case was tried in said court and there was a finding for the defendant on December 13, 1935, with a statement of findings and rulings. On December 18, 1935, the plaintiff filed an "Application for further time to file draft report." This motion was allowed by the trial judge on the same day, and time for filing draft report was "Extended ten (10) days." The draft report was filed by the plaintiff on December 28, 1935. On January 27, 1936, the plaintiff's motion for a new trial was denied, and leave was given to file a proper report by 12 o'clock noon on February 5, 1936. On February 4, 1936, the plaintiff filed a redraft of report. On February 14, 1936, the plaintiff filed a claim for report. On February 17, 1936, the trial judge disallowed the "claim of report" on the ground that "The appealing party did not file a request for report within the statutory limit nor a draft report within the period required for a request for report." On February 20, 1936, the plaintiff filed a petition to establish his report. The case was heard and decision reserved by the Appellate Division. On March 5, 1936, the Appellate Division denied the petition. The plaintiff duly appealed to this court from the order denying the petition.

G. L. (Ter. Ed.) c. 231, § 108, fixes two days in the Municipal Court of the City of Boston as the time for the filing of a request for a report of a ruling on a matter of law, after notice of the ruling and the cause is otherwise ripe for judgment. St. 1933, c. 255, § 1, amended G. L. (Ter. Ed.) c. 231, § 108, "by striking out the second sentence in the third paragraph . . . and inserting in place thereof the following: — The request for such a report shall be filed with the clerk of any district court within five days after notice of the finding or decision and, when the objection is to the admission or exclusion of evidence, the claim for

a report shall also be made known at the time of the ruling and shall be reduced to writing in a summary manner and filed with the clerk, in the municipal court of the city of Boston, within two days, and in any other district court, within five days, after the making of such ruling. A draft report filed within the period required for a request for a report under this section shall be deemed to include a request for a report." The Municipal Court of the City of Boston in 1932 established certain rules for civil actions. Rule 28 reads in part: "A request for a report to the Appellate Division shall contain a clear and concise statement of the ruling upon which a rehearing is requested, sufficiently full and accurate for identification." Rule 29 in August, 1935, was amended by striking out the first paragraph and inserting in place thereof the following: "The party requesting a report shall file a draft thereof within five days after notice of the finding or decision in the cause unless further time is allowed by the court upon application made within such five days. If no draft report is filed as above required, the cause shall proceed as though no claim of report had been made." The record plainly shows that no request for report was in fact ever filed. The plaintiff and *amici curiae* admit that had the case come up for disposition prior to St. 1933, c. 255, § 1, above quoted, the Appellate Division in declining jurisdiction would have been correct, citing *Conway* v. *Murphy*, 287 Mass. 536, wherein the court said at page 537: "The filing of the draft report was dependent for its validity upon the precedent filing of a request for report." But they contend that since the enactment of St. 1933, c. 255, § 1, and the establishment of Rule 29 as amended, the filing of an application for further time to file a draft report and the allowance of the application "within five days after notice of the finding or decision" include a request for a report.

The application for further time to file a draft report manifestly is not a request to the court for a report, but is a request for further time to file a report of the party's own drafting. Compare the wording of Rule 29, as amended, and above quoted. Under St. 1933, c. 255, § 1, the draft report

would have had to be filed within the five-day period and such filing would have been deemed to include a request for report.

Assuming such to be the fact, the plaintiff contends that the effect of Rule 29, as amended, on the statute is to make the period for requesting a report as long as such extended period as the court may allow for filing a draft report, upon application made within five days after notice of "the finding or decision," and that the rule is not inconsistent with the statute. This position is unsound. The steps required by St. 1933, c. 255, § 1, are substantial. They cannot be waived by the parties or changed by the court. Failure to take the prescribed steps to present a request for report is as fatal to the right to prosecute an appeal as a failure to claim an exception at a trial is to a right to hearing thereon before this court. *Herrick* v. *Waitt*, 224 Mass. 415. *Riley* v. *Brusendorff*, 226 Mass. 310.

> *Order denying the petition to establish*
> *report affirmed.*