*Northern District*

No. 4847

**RAYMOND EHLER**

v.

**GEORGE SPACK**

(May 23, 1954)

*Eno, J.* By this action of tort the plaintiff seeks to recover damages done to his real property as the result of the alleged negligence of the defendant.

The answer contains in addition to a general denial, pleas of contributory negligence and the statute of limitations.

The report fails to comply with rule 31 of the District Court Rule (1952) in that the size of the paper is improper. The clerk should not have accepted the report when filed and the trial justice (Morley, J.) should have disallowed it for non-compliance with the rule. However, since it has been allowed by the trial justice, we proceed to decide the case.

The reported evidence is as follows:

"At the trial there was evidence that the defendant parked his automobile, a 1941 Chevrolet, on Main Street, Gloucester, on an incline with the front wheels turned toward the curb; that he stopped the engine and turned off the ignition; that the defendant left his automobile in gear (which gear is not known); that the defendant left his automobile unattended; that the weather was clear and dry; that sometime after the defendant left his automobile it started rolling forward, crossed Main Street on a diagonal course, struck and damaged an automobile, continued down the grade, went up over the sidewalk and struck a building on the right hand side of Main Street; that the emergency brake in the defendant's automobile is a pull brake which is operated by pulling it back toward the driver and is released by squeezing the hand grip; that Melvin Barratt, a police officer in the employ of the City of Gloucester, came to the scene of the accident; that the officer tested the emergency brake by squeezing the handle and found that it released very easily and that when he pulled up the brake he had to try it a couple of times before it would catch.

The plaintiff testified that he and his wife own the building which was damaged by the defendant's car as tenants by the entirety; that

two plate glass windows were broken and the front of the building was damaged; that the value of the building before the accident was $13,000.00 and after the accident $12,300.00 or $12,400.00.

A building contractor who repaired the building, testified that his bill was $316.00.

A representative from a glass company testified that his bill for glass was $248.96.

The only 'evidence' that anyone touched the brake or any of the mechanism of the defendant's vehicle after he parked it on the hill and prior to the accident was a report filed by the defendant with the Gloucester Police Department in which he stated 'It seems to me that someone tampered with my car and caused the accident.' "

The defendant filed several requests for rulings, but in his brief states that he wishes to argue only upon the denial on his request numbered 5:

"Upon the facts in the instant case the doctrine of res ipsa loquitur does not apply."

We treat all the other requests as having been waived.

In the case of *Cooney v. Spack*, 5 Legalite 129, involving the same defendant, the same automobile rolling down the hill and damaging that plaintiff's automobile, we decided that there was no error in denying an identical request.

In our opinion in that case we stated that:

"As was said in *Glaser v. Schroeder*, 269 Mass. 337, at 339, 'the unexplained automatic starting of a machine from a state of rest into motion, when according to its mechanical construction it ought to remain still, is evidence not only of some defect or want of repair in the machine but also of negligence in failing to discover and remedy such defect or want of repair, even though the details of such defect or want of repair may not be shown by the evidence.'

While it may be argued that the facts in the present case do not make as strong a case as those in the *Glaser v. Schroeder* case, we think that the doctrine of res ipsa loquitur also applies in the present case. It follows then that the court's denial of defendant's fifth request and his finding for the plaintiff was correct. *Fone v. Elloian*, 297 Mass. 139, *Pelland v. D'Allesandro*, 321 Mass. 387, 389.

The trial judge could have inferred that the brakes were defective from the fact that at the bottom of the hill the police officer found the hand grip controlling them still in a locked position."

The facts in the present case are so similar to that of *Cooney v. Spack* that there was no prejudicial error in the denial of that request, and the report is to be dismissed.

Louis Albert, for the plaintiff.

Norman P. Mamber, for the defendant.