*Southern Division*

**JOSEPHINE DIAS**

v.

**FAIRHAVEN INSTITUTION FOR SAVINGS,**

**et als**

*Present:* Nash, P. J., Sgarzi & Kalus, JJ.

Case tried to *Horrocks, J.,* in the Third District Court of Bristol. No. 9304.

*Kalus, J.* The issue raised by this report is a proceedural one, and is whether there was error by the trial judge in granting the plaintiff's motion to "strike and dismiss" the defendant Loretta Jardin's request for report and draft report, because she failed to comply with the provisions of the G. L. c. 231, §108, and Rules 27 and 28 of the District Courts (1952).

The course of proceedings as appears from the report and the docket entries, follows: On October 20, 1960, during the "first trial" of this cause, the plaintiff and this defendant seasonably filed requests for rulings, and on November 16th, the court entered a finding in favor of the plaintiff and defendant Loretta Jardin against the defendant Bank, notice of this finding being received by the parties on November 19th. On November 22nd she was notified

"that a Motion for Stay of Judgment was being filed by the defendant, (Bank), as a result of a discussion by counsel for the Bank with the trial justice and that the trial justice had agreed that his finding did not clearly outline the rights of the parties, since the defendant Bank had interpleaded, and, therefore, if he was finding for the plaintiff, he had to find against the defendant, Loretta Jardin."

On November 22nd, the defendant Loretta Jardin filed a request for a report. On December 22nd there was a hearing on the Bank's motion and on January 12th, 1961, the defendant Loretta Jardin received notice that the findings made on November 16th were vacated and a new finding was entered (January 11th),

". . . Judgment for the plaintiff . . . and defendant (Bank) ordered to pay . . . to the plaintiff, and (Bank) was relieved of all liability to defendant Loretta Jardin."

On January 13, 1961, the defendant Loretta Jardin filed a Motion for Stay of Judgment which motion was heard by the court on January 24th, and on January 25th the defendant received notice that her motion was denied. On January 26th she filed a request for a report and on January 30th she filed a draft report, based on the court's rulings and refusal to rule, referrable to the finding entered on January 11th. On the plaintiff's motion, the court dismissed the defendant's claim for a report and draft report, whereupon she duly filed a request for report and draft report on the court's action of dismissal.

It is the contention of the defendant Loretta Jardin that the (mere) filing of the motions for stay of judgment, first by the defendant Bank on November 22nd and later by her on January 13th, in each instance, suspended the time requirement of her compliance for filing her request for report and draft report until after the disposition of these motions, (because the filing of these motions prevented the cause from otherwise being ripe for judgment).

This contention cannot be accepted as it is in direct conflict with the express provisions of the governing statute and the Rules of the District Courts.

The basic law relative to Appellate Division procedure is set out in G. L. c. 231, §108, the pertinent provisions of which are as follows:

Any party . . . aggrieved . . . may, as of

right, have the ruling reported for determination by the appellate division when the cause is otherwise ripe for judgment, or sooner by consent of the justice hearing the same. *The request for such a report shall be filed . . . within five days after notice of the finding or decision. . . .*

The pertinent language of the rules implementing the statute, is as follows:

(Rule 27) "Such request for a report shall be filed with the clerk within five days after notice of the finding or decision. A draft report filed within the period required for a request for a report under this rule shall be deemed to include a request for a report."

(Rule 28) "The party requesting a report shall file a draft thereof within ten days after notice of the finding or decision in the cause, provided the cause be then ripe for judgment except for the pendency of requests for rulings and request for a report or a motion for a new trial otherwise within ten days after the cause becomes ripe for judgment. . . . The court may, . . . extend the time for filing the draft report for a reasonable time."

It follows from the foregoing that a request for report must be filed within five days after notice of finding or decision. This is a mandatory requirement, without any qualifications or exceptions; and it is to be noted that while the trial court under certain conditions may

extend the time for filing a draft report, there is no provision for extending the time for filing a request for report. Whatever may be the true and appropriate function of a motion for stay of judgment, it cannot operate to suspend this required step, since it is not within the power of the trial court or the parties to waive this requirement. (It is not suggested that the judge intended so to act). The question of whether the cause is otherwise ripe for judgment is not involved in the time for filing a request for a report, and it has no more relevance here than in the requirement of claiming an exception during a trial; and the failure to take the prescribed steps to present a request for report is as fatal to a right of review by the appellate division as a failure to claim an exception at a trial is to the right to prosecute an appeal to the Supreme Judicial Court. See: *Murphy v. W. C. Barry Inc.,* 295 Mass. 94.

There was no decision adverse to the defendant Loretta Jardin, and no action was taken by the trial court on the requests for rulings, prior to the finding entered on January 11th. Upon notice that the trial court had entered this (new) finding on January 11th, (vacating the previous finding of November 16th), it was incumbent on this defendant to file a request for report (or draft report which would be deemed to include a request for report) within five days of notice of this finding. The record plainly shows that she failed to do so, her request for report was

filed on January 26th and her draft report was filed on January 30th.

As the defendant's request for report and draft report were not rightly on the files of the court, the plaintiff's motion to dismiss them was the appropriate procedure, and the order of the court granting this motion is affirmed. *Wind Innersole & Counter Co., Inc., v. Geilich,* 317 Mass. 327.