*Western Division*

ALLSTON SUPPLY CO., INC.

v.

INTERSTATE PLUMBING & HEATING SUPPLY CORP.

*Present*: Garvey, P. J. & Hobson, J.

Case tried to *O'Malley, J.* in the District Court of Springfield. No. 156650.

Argued: April, 1962— Decided, June, 1962

*Garvey, J.* After a finding for the plaintiff in this action of contract concerning the alleged unworkmanlike installation of a heating system, the defendant, claiming to be aggrieved, seasonably filed a request for a report and a draft report. The draft report was dismissed with an endorsement by the trial justice: "Report dismissed because it does not comply with Rule 31 of the District Court rules—*improper size paper.*"

The defendant's petition to establish a report, allowed by this division, brings to us for determination, the simple issue of the correctness of the justice's order of dismissal.

The original draft report filed with the clerk, copies of which were duly served on the trial justice and plaintiff, was on paper measuring 8½ by 13 inches. The relevant language of rule 31 of the Rules of the District Courts, reads as follows:

"All paper intended for use before the Appellate Division shall, unless the Appellate Division shall otherwise order, be printed or typewritten upon opaque paper having a dull surface. The typewriting or printing including all quotations shall be double-spaced and only one side of each page shall be written upon. The paper shall be 8½ in width and 11 inches in height."

All rules of court, duly made, have the force of law, and are binding upon the court and the parties, and cannot be waived

or ignored. Such rules are to be respected and enforced. *Flynn, Pet.,* 265 Mass. 310, 313.

■ "Provisions of statutes and rules of court regulating appellate procedure are construed strictly," *Famigletti v. Neviackas,* 324 Mass. 70, 72 and failure to comply is fatal to right to prosecute an appeal. *Murphy v. William C. Barry, Inc.,* 295 Mass. 94, 97.

■ Citation of a few of the many decisions upholding dismissals or the refusal by appellate courts to entertain appeals, where there has been a failure to comply with the rules of court, will suffice to illustrate the correctness of the justice's order. Failure to object and claim a report on a ruling admitting or excluding evidence, *(Rule 27). Gibbons v. Denoncourt,* 297 Mass. 448, 454-455; *Okin v. Sullivan,* 307 Mass. 227, 228; Failure to file requests for rulings, (Rule 27). *LaCaissee Populaire Credit Union v. Cross,* 293 Mass. 190, 191; Failure to specify the grounds in requests for rulings, (Rule 27). *Gibbons v. Denoncourt,* 297 Mass. 448, 450; *Irving v. Bonjorno,* 327 Mass. 516, 518; Failure to file request for report within five day after notice of finding, (Rule 27) *Conway v. Murphy,* 287 Mass. 536, 537. (B.M.C. Rule 29) *Murphy v. William C. Barry, Inc.,* 294 Mass. 94, 96-97; Failure of draft report to set out "a clear and concise statement of

---

*Reference is to the Rules of the District Courts, (1952).

the rulings" upon which claim of error is based, (Rule 27). *Rollins v. Perry,* 284 Mass. 488, 489; *Almeida v. Alsdorf,* 291 Mass. 115, 116; Absence of a statement that the report contains all of the material evidence, (Rule 28 and Draft Model Report) *Cincevich v. Patronski,* 304 Mass. 679; Failure to deliver or mail copy of draft report to the trial justice and adversary before close of next business day after filing the original (Rule 28). *Wind Innersole & Counter Co. v. Geilich,* 317 Mass. 327, 328-329; By serving copy of draft report on justice or adversary before, rather than after, the filing of the original, (Rule 28). *Famigletti v. Neviackas,* 324 Mass. 70, 72. See also *Bhler v. Spack,* 9 Mass. App. Dec. 71, 72 and *Strang v. Marifcote,* 12 Mass. App. Dec. 91.

We find no merit in the contention of the defendant that the draft report is not "intended for use before the Appellate Division". It urges that the three additional copies of the report required to be filed (Rule 31) are the ones "intended for use". It is not unusual for the draft report to be adopted and allowed, without change, by the trial justice. In orderly procedure this is to be expected. We are aware that in some instances suggestions by the court or opposing counsel result in a substitute draft report being filed and allowed. But it is the original draft report that is to be examined to determine if there has been compliance with the rule. It is the document of record intended for use

by the Appellate Division. Any other inter-
pretation would lead to the absurd result
that a draft report illegibly written in pencil,
on both sides of colored paper of any size,
could be filed and consideration thereof re-
quired, providing the copies complied with
the rule.

*The report is to be dismissed.*

E. Alpert, of Springfield, for the Plaintiff.
E. Gordon, of Springfield, for the Defendant.

Note: In a recent decision the Southern Division
on the same issue reached a contrary opinion.