*Southern District*

## LEONARD LeVALLEY et al
v.
## OVILA ROCK

*Present:* Nash, P. J., Cox & Sgarzi, JJ.

Case tried to *Horrocks, J.* in the Third District Court of Bristol. No. 7985.

*Sgarzi, J.* In this action of contract there was a finding for the plaintiff. Notice of the finding was given to the parties on *January* 10, 1961 and on *January* 16, 1961, (January 15, being a Sunday) the defendant filed a Request for Report. On *January* 19, 1961 the defendant presented *ex parte,* a motion to extend the time for filing his draft report, which motion was allowed and the time extended to *January* 25, 1961. So far the proceedings appear to be in order and in accord with the provision of Rule 28 of the Rules of District Courts.

On *January* 24, 1961 the defendant filed a motion to further extend the time for filing his draft report to *January* 31, 1961 and this motion was allowed *ex parte*. On *January* 26, 1961 the plaintiff filed a motion to strike

from the records the defendant's Request for Report and his motion to extend the time. Examination of the docket entries discloses that two further extensions of time were granted, the last expiring on *February* 9, 1961 and on that day the defendant filed his draft report.

On the next day, *February* 10, 1961 he filed a request for hearing on his draft report and on *February* 13, 1961 the request was denied and the draft report disallowed. Although the word "disallowed" was used and appears in the record it is agreed by the parties that the draft report was in fact dismissed and the case should be treated accordingly. *Murray v. Edes Manufacturing Co.,* 305 Mass. 311. The defendant claims to be aggrieved by the dismissal of his draft report and allowance of the plaintiffs' motion to strike the defendant's request for a report.

The question presented by this report is whether upon granting an extension of time for filing a draft report within ten days after notice of the finding, a further extension of time may be granted after said ten days have expired but within the previously extended time.

Rule 28 of the Rules of District Courts provides in part that

"The party requesting a report shall file a draft thereof within ten days after notice of the finding or decision in the cause provided the cause be then ripe for judgment except for the pendency of requests for rulings and request for a report

or a motion for a new trial — otherwise within ten days after the cause becomes ripe for judgment. The court whose ruling is complained of may, however, order or consent to the filing of such draft report before the cause is so ripe for judgment. The court may for good cause shown, upon the filing of a motion therefor within said ten days, extend the time for filing the draft report for a reasonable time."

It is well established that rules of court are to be strictly observed. *Famiglietti v. Neviackas,* 324 Mass. 70; *Wind Innersole & Counter Co. v. Geilich,* 317 Mass. 327.

The defendant advances two arguments in support of his position. He contends that the requirement for filing a draft report within ten days of the notice of finding prevails only when the cause is ripe for judgment and if the cause is not ripe for judgment he has ten days from the date it becomes ripe for judgment within which he can file his draft report. He further directs attention to Rule 36 which says

"An action or proceeding shall not be ripe for judgment until the time for filing a draft report has expired."

If his contention is correct a party claiming to be aggrieved would in fact have twenty days in which to file his draft report, rather than ten. This contention is obviously unsound since it contravenes the express provision of Rule 28 which says that the cause must be ripe for judgment *except* for the

pendency of a request for report. This provision of the rule was clearly intended to prevent the very situation which the defendant now argues.

The defendant's second position is that since he filed his motion to extend the time for filing his draft report within ten days of the notice of finding, further extension of time could properly be granted if applied for within the extended period. This contention must also be rejected. The clear intendment of the rule is that an application for extension of time must be made within ten days of the notice of finding, and a request for further extension in order to be valid must also be made within said ten days. This matter was discussed in the case of *Calcagno v. P. H. Graham & Sons Co. Inc.,* 313 Mass. 364 where the following language appears:

> "An order for a second extension is not merely an amendment of the order for the first extension. It is an independent order based upon a new application for extension of time, and the new application is subject to the requirements of the rules applicable to extension of time for filing draft reports."

The opinion goes on to say that if it had been intended to authorize such an extension of time such intention could have been expressed in the rule but no such intention is expressed and is not fairly to be implied. The rule involved in the Calcagno case was rule 31 of the Rules of the Municipal Court

of the City of Boston and while not identical to Rule 28 of the Rules of District Courts they both involve extensions of time for filing draft reports and the reasoning of the Calcagno case is applicable here.

We conclude that the dismissal of the draft report and allowance of plaintiffs' motion to strike the defendant's request for report shows no prejudicial error and the report should be dismissed.

Edward D. Hicks of New Bedford, for the Plaintiff.

Louis A. Perras, Jr. of New Bedford, for the Defendant.