*Northern District*
No. 6599.

## MICROSONICS, INC.

### v.

## COMREX CORPORATION

Argued: Oct. 25, 1967   Decided: Jan. 9, 1968

*Present:* Brooks, P. J., Connolly, Yesley, J. J.

Case tried to *Whitney, J.* in the District Court of Central Middlesex. No. 23446

*Connolly, J. The plaintiff in this case seeks a review by this division of interlocutory rulings of the trial judge* denying in part the plaintiff's motion to expunge certain answers of the defendant to interrogatories propounded to the defendant by the plaintiff.

It is clear that in the Superior Court an interlocutory ruling of this type is a proper subject for review if it results in the denial of a right to secure disclosure of facts having an important relation to the issues involved and is to the prejudice of the aggrieved party. *Cutler* v. *Cooper,* 234 Mass. 307, 315, 319. *Gold-*

*man* v. *Ashkins*, 266 Mass. 374. *Wakeley* v. *Boston Elevated Railway*, 217 Mass. 488.

In the District Court a party aggrieved by any ruling on a matter of law by a single justice may, as of right, have the ruling reported for determination by the appellate division when the cause is otherwise ripe for judgment or sooner by consent of the justice hearing the same. A request for such a report must be filed within five (5) days of the finding or decision. If a justice is of the opinion that an interlocutory finding made by him ought to be reviewed by the appellate division before any further proceedings in the trial court, he may report the case for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties. G. L. c. 231, § 108.

We are unable to find any decisions by the Supreme Judicial Court as to whether there does exist a right to the review of interlocutory decisions by the District Court. There is some authority to the effect that such a right does not exist. This conclusion is reached by reasoning that the specific reference to the voluntary report of an interlocutory ruling would be unnecessary if the broad statement earlier in the section referring to "a person aggrieved by any ruling" included rulings of interlocutory issues. We prefer to attribute the inclusion of this reference in the section to the grant of power it also contains to stay

further proceedings. Appellate Review in the District Court of Mass. Leon B. Newman (1937) 17 *Boston U. L. Rev.* 50.

We are of the opinion that G.L. c. 231, § 108 does grant a right of review of interlocutory decisions of District Courts. The right, however, cannot be exercised until the case is ripe for judgment. *Patrick* v. *Mikolaitis,* 22 Mass. App. Dec. 167.

The right is exercised by following the procedure set out in the *Rules of the District Courts* (Jan. 1, 1965). The rules that implement § 108 in respect to reporting a ruling to the appellate division are those numbered 27, 28 and 29.

Rule 28 applies here since Rule 27 refers to requests for rulings and rulings on the admission or exclusion of evidence, and Rule 29 refers to voluntary reports.

The report in this case is not a voluntary one. *Pakrant* v. *Harrigan,* 20 Mass. App. Dec. 1. Rule 28 requires that a draft report be filed within ten (10) days after notice of the finding or decision provided the case be then ripe for judgment. The rule does provide for an extension of this ten day period by the court for a reasonable time "for good cause shown upon the filing of a motion therefor within said ten days." The rule further provides, "If no draft report is filed as above required, the cause shall proceed as though no claim for report had been made."

The docket entries are significant to the issue as to whether the plaintiff has complied with G.L. c. 231, § 108 and Rule 28 of the District Courts are, as follows:

9-20-66 Plaintiff's motion to expunge defendant's answers to interrogatories filed and marked for hearing Oct. 14, 1966.

9-20-66 Plaintiff's brief filed.

10- 7-66 Hearing (Justice Whitney) taken under advisement.

10-17-66 Marked for trial October 28, 1966.

10-17-66 Plaintiff's motion allowed as to # 6, 13, and 19. Denied as to # 15a, 15b, 16b, 17b, 18 and 20. Seven days to further answer, parties notified.

10-24-66 Defendant's further answers to plaintiff's interrogatories filed.

10-24-66 Plaintiff's written exception of Court's denial to expunge answers to 15a, 15b, 16b, 17b, 18 and 20 filed.

12- 2-66 Finding for the defendant, parties notified.

12- 7-66 Plaintiff's written request for report filed.

12-19-66 Draft report filed.

It is apparent from the docket entries that the draft report was not filed within the required ten (10) day period. No motion to extend the time for filing was filed and allowed.

Consequently, it is mandatory that the case proceed as though no claim for report had been made. For this reason, the case is not properly before this division.

Further, the failure to comply with Rule 28 by a timely filing of a draft report is not corrected by a statement in the report that the draft report was filed within the time limits if the docket entries clearly indicate that this is not so.

The trial court has no power to waive mandatory requirements for filing a timely request for a report and draft report. *Dias* v. *Fairhaven Institution for Savings,* 22 Mass. App. Dec. 116.

**Report Dismissed.**

ROBERT F. SYLVIA,
for the Plaintiff.

JAMES F. McLAUGHLIN,
of Brighton, for the Defendant.