*Western District*

**ESTHER SAUNDERS,**
Administratrix Estate of Leo Saunders

v.

**BENJAMIN APKIN**
and
**JOHN R. LESS**
Executors under will of Abraham Less

Argued: June 26, 1968   Decided: July 1, 1968

*Present:* Garvey, P.J., Moore, & Allen, JJ.

Case Tried to: *Cimini, J.* in the District Court of Northern Berkshire D. C. No. 10922, S. C. No. 20391.

*Garvey, P. J.* This is an action of contract transferred under the provisions of G.L. c. 231 § 102C to the District Court for trial. The plaintiff's administratrix (plaintiff) seeks to

recover for personal services alleged to have been rendered by him to the defendant's testator (defendant). The defendant denied the allegations, pleaded the statute of limitations and declared in set-off alleging that the plaintiff owed the defendant Twenty-nine hundred ($2900.) dollars for money loaned. After a trial there was a finding for the defendant and also a finding for him on his declaration in set-off. The plaintiff claiming to be aggrieved by the denial of several of his requests for rulings of law claimed a report. This report was dismissed by order of the trial judge because it was not double spaced as required by *Rule 31 of the Rules of the District Courts (1965)*. From this order of dismissal the plaintiff claimed the report now before us. The only issue presented is the propriety of the order.

Rule 31 of the Rules of the District Courts (1965) in its applicable part reads:

> "The draft report and all papers intended for use before the Appellate Division shall. . .be printed or typewritten upon opaque paper. . .The typewriting or printing including all quotations shall *be double-spaced. . . .*"

We observed in part in *Allston Supply Co., Inc.* v. *Interstate Plumbing and Heating Supply Corp.*, 25 Mass. App. Dec. 139 at 140-141.

> "All rules of court, duly made, have the force of law, and are binding upon the court and the parties, and cannot be waived

or ignored. Such rules are to be respected and enforced. *Flynn, Pet.*, 265 Mass. 310, 313.

"Provisions of statutes and rules of court regulating procedure are construed strictly, *Famigletti* v. *Neviackas*, 324 Mass. 70, 72 and failure to comply is fatal to the right to prosecute an appeal. *Murphy* v. *William C. Barry, Inc.*, 295 Mass. 94, 97."

**The report is to be dismissed.**

BENJAMIN APKIN,
  of North Adams for the defendant.
JOAN KEYES SCOTT,
  of Williamstown for the plaintiff.