*Southern District*

No. 27027

## RICHARD PLANTE

*v.*

## MILLSTONE ACRES, INC.*

Argued: Feb. 22, 1972 - Decided: Mar. 27, 1972

*Present:* Murphy, P.J., Covett, J.

Case tried to *Horrocks, J.,* in the Fourth District Court of Bristol, No. 27027.

**Murphy, P.J.,** This in an action of contract in two counts to recover $15,000.00 as compensation for procuring a buyer for the defendant's land and restaurant under a contract and for

---

* This case was tried together with *Steingold et al.* v. *Milestone Acres,* No. 26767 in which the same issues were involved. John P. Lee of Attleboro was Counsel for the Plaintiff. Leonard Louison of Taunton was counsel for the defendant. The decision was the same.

services rendered. The defendant answered alleging conspiracy and many other defenses not material to the issue raised.

The court found for the plaintiff for $5,000.00 on count 1 and for $1,500.00 on count 2.

After trial, the defendant duly filed a draft report excepting to the denial of his requests for rulings and the decision of the court.

The sole question presented by this report is whether or not the defendant's request for report and draft report were filed in accordance with the rules of the District Courts (1965).

The report states: "Counsel for the defendant received the court's decision in his office on September 14, 1971, and thereafter under the rules had five days in which to file a claim of report; that, since the fifth day fell on a Sunday, under the Statutes of Massachusetts the defendant had until the next business day to file the same, holidays excluded; that thereafter the next two days, September 20 and 21, were Jewish Holy Days and the business day for counsel after the expiration of the fifth day was Wednesday, September 22, 1971; that the draft report in lieu of a claim of report was duly filed on said September 22, 1971, and the defendant claims that the said draft report was seasonably filed."

The court dismissed the draft report under Rules 27 and 28 of the District Court Rules and states as his reasons *"that on September 10, 1971, a finding in the above case was mailed to*

*the defendant's attorney. On September 22, 1971,* the defendant's attorney filed a draft report being aggrieved by the denial of his requests for rulings.''

''The defendant filed no request for a report within five (5) days of the finding in compliance with Rule 27 of the District Court Rules. (See Rule 27 and *Conway* v. *Murphy,* 287 Mass. 536; *Murphy* v. *Barry,* 295 Mass. 94.)

''In addition to these facts, the draft report has been filed in more than ten (10) days as is required under Rule 28 of the District Court Rules.

''The report is therefore dismissed and I submit these reasons in writing to comply with Rule 28.

''This report contains all the evidence material to the questions reported.

''The defendant claiming to be aggrieved by the dismissal of his draft report, I hereby report the same to the Appellate Division for determination.''

The defendant contends in his brief that the 20th and 21st of September, being religious holy days for his faith, should be considered as legal holidays, and, therefore, should not be counted in computing the five days in which the request for report had to be filed. Rule 2, District Court Rules, 1965.

We are not aware of any decision, nor has any been brought to our attention as authority for the proposition that a ''religious holy day''

of any faith is a legal holiday. Consequently, this contention is without merit.

The defendant further contends that the trial judge had discretion to allow this request for report in the form of a draft report to be filed late. We disagree. But assuming he did, we are not prepared to say that his failure to allow it amounts to an abuse of discretion. And the same can be said of the defendant's contention in his brief that the failure to grant him a hearing on the draft report was an abuse of discretion. The defendant did not request a hearing and the judge was not required to hold one.

Abuse of discretion has been defined as a view or action that no conscientious judge, acting intelligently, could honestly have taken. *Davis* v. *Boston Elevated Railway Company,* 235 Mass. 482 and cases cited. Only in rare cases can it be ruled that there has been an abuse of discretion amounting to an error of law. *Bresnahan* v. *Proman,* 312 Mass. 97.

The report states the decision was mailed on September 10, which should have given the defendant ample time to file for an extension of time or to file a request or the draft report itself well before the 20th of September, and the judge so found.

Without discussing the defendant's contentions any further, suffice it to say, his failure to file a request for a report within five days after notice of the decision was fatal. Rule 27

of the Rules of the District Courts, 1965, as amended. *Conway* v. *Murphy,* 287 Mass. 536. *Volpi* v. *Rowe,* 32 Mass. App. Dec. 53. *Dias* v. *Fairhaven Institution for Savings,* 22 Mass. App. Dec. 116. *Parsons* v. *Parsons,* 29 Mass. App. Dec. 155. Under this rule the dismissal of the draft report was mandatory.

Provisions of statutes and rules of court regulating appellate procedure are to be construed strictly. *Famiglietti* v. *Neviackas,* 324 Mass. 70.

There being no prejudicial error, an order should be entered **dismissing the report**.

STANTON V. ABRAMS

of Providence, Rhode Island for the plaintiff

LEONARD LOUISON

of Tauton, for the defendant.