*Northern District*
A. D. No. 8180
**SHEPARD A. SPUNT,**
**Trustee of the Dominion Trust,**
**v.**
**JEANNE COHN, et al.**

Argued: May 30, 1974 - Decided: Oct. 8, 1974

*Present:* Cowdrey, P.J., Flynn, and Flaschner, JJ.

Case tried to *Feloney, J.* in the Third District Court of Eastern Middlesex, No. 4770 of 1970.

**Flaschner, J.** This "petition to establish draft report", filed by the plaintiff in this action, is hereby denied.

According to the docket the original report was filed on June 16, 1972 and a revised report filed on December 8, 1972. This petition was filed on January 1, 1974. Therefore, the question is posed on the surface whether "action on such report is unduly delayed" according to the language of Rule 30 of the District Court Rules which governs petitions to establish reports. The docket also reveals that the findings for the defendants on the plaintiff's cause of action and against the defen-

dants on their claim of recoupment were entered on May 17, 1972. The plaintiff's request for report was filed six days later on May 23, 1972, which would appear to have been in compliance with G.L. c. 231, § 108 and Rule 27 of the District Court Rules which requires such request to be filed within five days after notice of the finding or decision.

However, as noted above, the plaintiff's original draft report was filed on June 16, 1972. Rule 28 of the District Court Rules states: "The party requesting a report shall file a draft thereof within ten days after notice of the finding or decision . . .". Clearly the plaintiff failed to comply with this requirement. This Rule also provides that: "The Court may for good cause shown upon the filing of a motion therefor within said ten days extend the time for filing the draft report for a reasonable time. Such a motion to extend if seasonably filed may be allowed after the expiration of said ten days.* If no draft report is filed as above required the cause shall proceed as though no claim for report had been made." Neither the docket nor the plaintiff provides any indication of the filing of a motion to extend the time for the filing of the draft report. The statement in the petition that the petitioner "duly filed a draft report with the Clerk on June 16, 1972" is not conformable with the truth, because the draft report was filed un-

---

* Rule 28, District Courts (1965).

duly, in that it was filed beyond the ten day period required by the Rule.

Moreover, the plaintiff complains in his petition and revised report not only about the court's rulings made on May 17, 1972 on certain of the plaintiff's requests, including No. 6, but also about the court's revised ruling on this request, on which the court held a hearing on July 14, 1972 and entered "revised Ruling No. 6" on July 17, 1972. Yet, plaintiff filed no request for report pursuant to Rule 27 to bring to the Appellate Division his grievance on this revised ruling. When a party fails to file a request for a report within five days after notice of the finding or decision, as required by G.L. c. 231, § 108, and Rule 27 of the District Court Rules, he cannot have that finding or decision reviewed by the Appellate Division. *Volpi* v. *Roe,* 32 Mass. App. Dec. 53; *Scraggs* v. *Hafford,* 25 Legalite 230 (App. Div. N.D., No. 8156, March 12, 1974), and cases cited therein.

The revised draft report filed on December 8, 1972 was not duly submitted, as claimed in plaintiff's petition, for the same reasons as set forth above. *Microsonics, Inc.* v. *Comrey Corp.,* 39 Mass. App. Dec. 229, 233-34:

"It is apparent from the docket entries that the draft report was not filed within the required ten day period. No motion to extend the time for filing was filed and allowed. Consequently, it is mandatory that the case pro-

ceed as though no claim for report had been made. For this reason, the case is not properly before this division.''

''Further, the failure to comply with Rule 28 by a timely filing of a draft report is not corrected by a statement in the report that the draft report was filed within the time limits if the docket entries clearly indicate that this is not so.''

''The trial court has no power to waive mandatory requirements for filing a timely request for a report and draft report. *Dias* v. *Fairhaven Institution for Savings,* 22 Mass. App. Dec. 116.''

**Petition to establish report denied.**