No. 104

# E. JOSLIN WHITNEY, D/B/A WHITNEY & BASSETT

### v.

# ANTONE MEDEIROS

Argued: April 17, 1975. Decided: August 19, 1975.

Case tried to *Welsh, J.,* in the First District Court of Barnstable. Number: 2768.

Present: Murphy, P.J., ———— and Hurd, J.

Counsel for plaintiff: Fern, Anderson, Donahue & Jones, Attys.

**By the Division.** After a trial in this action of contract, there was a finding for the plaintiff on November 19, 1974, notice of which was received in the office of counsel for the defendant on November 20, 1974. On November 21, 1974 the defendant's counsel, who was then in California on vacation, telephoned his office and was informed of the finding for the plaintiff. At his direction, the defendant's motion to extend time for filing draft report was filed on or about November 22, 1974. From the docket entries it appears that this motion was heard by the trial justice on December 20, 1974 and was denied by his Order entered on the same date.

The order entered by the court is as follows:

"The above captioned matter was heard by the court on June 21, 1974 and July 3, 1974. On November 19, 1974 the Findings and Decision of the Court were filed with the office of the clerk. On November 20, 1974, a copy of the court's findings were received by the office of the attorney for the defendant (hereinafter referred to as appellant.) The appellant's attorney was on a holiday in California at the time his office re-

ceived notice of the findings. Upon receiving word of the findings by telephone, appellant's attorney directed his secretary to file a document entitled, "Motion to Extend Time for Filing Draft Report." This motion, which was filed on or about November 27, 1974, does not meet the requirements of Rule 27 respecting requests for reports, since it does not contain a clear and concise statement of the rulings which appellant seeks reviewed. There is no incorporation by reference or any other clear identification of the rulings sought to be reviewed.

"Based upon the foregoing, this court lacks the authority to waive the requirement of Rule 27 that the request for report be filed within five days of the notice of hearing. Failure to comply with this requirement is fatal. *Murphy v. William C. Barry, Inc.*, 295 Mass. 94. Based upon non-compliance with Rule 27, the court is constrained to deny the motion. *Conway v. Murphy*, 287 Mass. 536.

"The motion to extend time for filing is denied."

The defendant claims to be aggrieved by the court's order denying the defendant's motion for the following reasons: that the said denial is a denial to the defendant of due process; that the failure to claim a report, in compliance with Rule 27 of the Rules of the District Courts, is one which constitutes an excusable delay with regard to the facts within the case; that the defendant has done all which is necessary and proper in order to preserve his appeal and his claim of report to the Appellate Division of the District Courts; and that the refusal of the Court to allow the filing of a draft report late is an abuse of discretion on the part of the Court.

There was no error.

*I.* Rule 27 of the Rules of the District Courts which was then in effect reads as follows:

"The written request for a report to the appellate division shall include a clear and concise statement of the rulings upon which a re-hearing is requested sufficiently full and accurate for identification. Such request for a report shall be filed with the clerk within five days after notice of the finding or decision."

See also, G.L., c. 231, §108:

"The request for such a report shall be filed with the clerk of any district court within five days after notice of the finding or decision . . ."

Defendant's motion did not comply with the requirements of Rule 27. Where a proper request for a report has been seasonably filed, the trial justice may, for good cause shown, extend the time for filing the draft report for a reasonable time. However, the filing of a request for a report in accordance with Rule 27 is a condition precedent to a request for an extension of time for filing the draft report and cannot be waived or changed. Defendant's failure to file a request for a report within five days after notice of the decision was fatal. *Conway v. Murphy,* 287 Mass. 536; *Volpi v. Row,* 32 Mass. App. Dec. 53; *Dias v. Fairhaven Institution for Savings,* 22 Mass. App. Dec. 116.

Provisions of statutes and rules of court regulating appellate procedure are construed strictly, *Famiglietti v. Neviackas,* 324 Mass. 70, 72, and failure to comply is fatal to the right to prosecute an appeal. *Conway v. Murphy* (supra); *Murphy v. William C. Barry, Inc.,* 295 Mass. 94, 97; *Adams v. Dykstra,* 334 Mass. 708.

Assuming that the trial justice was aware of the intention of the defendant, rules of court have the force of law, are binding upon the court and the parties, and cannot be waived or ignored, *Flynn, Pet.,* 265 Mass. 310, 313, and cannot be changed by the court. *Murphy v. William C. Barry, Inc.* (supra).

*II.* The defendant contends that the trial justice had discretion to allow his motion to extend time for filing draft report. We disagree. But assuming that he did, we are not prepared to say that his failure to allow it amounts to an abuse of discretion. And the same can be said of the defendant's contention in his brief that the trial justice should have reported the case of his own motion.

Abuse of discretion has been defined as a view or action that no conscientious judge, acting intelligently, could honestly have taken. *Davis v. Boston Elevated Railway Co.,* 235 Mass. 482, 502; *Palma v. Racz,* 302 Mass. 249, 251; *Shockett v. Akeson,* 310 Mass. 289, 292; *Bartley v. Phillips,* 317 Mass. 35, 43.

*III.* We are unaware of any authority to the effect that the strict application of the Rules of the District Courts raises any question of constitutional dimensions, and no such authority has been brought to our attention. Moreover, it may be of interest to note that in the recent case of *Philbrook v. Glodgett,* 95 S. Ct. 1893, 1902 (1975), the United States Supreme Court stated: "Failure to comply with applicable Rules of this Court may result in the dismissal of an appeal of the defaulting party" (citing cases).

There being no prejudicial error, an order should be entered dismissing the report.