So ordered.<br>Edward A. Lee, P.J.<br>Daniel H. Rider, J.<br>Richard O. Staff, J.

John J. Lorden for the plaintiff.
Howard N. Gorney for the defendant.

## HI LO TRAILER COMPANY
### vs.
### Alice WRIGHT, George WRIGHT and Courteney WRIGHT, d/b/a UNITED HOMES

District Court Department
Appellate Division, Northern District
Trial Court of the
Commonwealth of Massachusetts

November 20, 1980

Present: Cowdrey, P.J. — Flynn, J.* — Tiffany, J.

COWDREY, P.J. This is an appeal pursuant to Dist./Mun. Cts. R. Civ. P. 64(c)(6) challenging the propriety of the lower court's dismissal of the defendant's draft report. Said dismissal was apparently predicated upon the grounds that the draft report at issue was not seasonably filed in accordance with Dist./Mun. Cts. R. Civ. P. 64(c)(1).

★The Honorable Maurice R. Flynn, Jr. participated in the hearing and post-hearing conference on this case, but passed away prior to the promulgation of this Opinion.

The instant report and docket entries disclose the tortured procedural history of this case. The plaintiff commenced suit in the Superior Court Department by complaint dated April 1, 1974. The action was transferred to the Ayer Division of the District Court Department on September 27, 1974. Between February 5, 1975 and October 1, 1975, the defendant was twice defaulted. The second default resulted in a finding for the plaintiff and an assessment of damages.

On October 14, 1975 and before judgment was entered, the defendant filed a request to remove the second default. No action was ever taken on said request. Instead, the court allowed the defendant's request for retransfer to the Superior Court Department on May 7, 1976. A docket entry for June 2, 1976, however, states that all attested copies and papers for retransfer were simply "not sent."

On August 25, 1976 the plaintiff submitted a "Motion to Void Removal of Default." In apparent response thereto, the court vacated certain undisclosed findings on September 15, 1976, and entered judgment for the plaintiff in the amount of $23,000.00 with costs and interest.

On October 1, 1976, the defendant filed the first of her draft reports. No action was taken on said report, and a fourteen day notice was not issued to the defendant.[1] On March 2, 1977, however, the court allowed the plaintiff's request for execution which ultimately issued on March 17, 1977.

Fifteen months later, on November 18, 1978, the defendant filed a "Motion to Stay Execution and Set Aside the Default Judgment." This motion, and a second motion by the defendant for permission to file requests for rulings late, were denied on February 12, 1979. Simultaneously with these denials, the lower court granted the defendant's request for an extension of time to file a draft report. This draft report was subsequently submitted on February 23, 1979, the first day of the extended filing period.

Approximately four months later, on June 18, 1979, the lower court dismissed the defendant's report "as not complying with the rules applicable to draft reports, specifically, Dist./Municipal Courts Rules of Civil Procedure, Rule 64(c)(1)."

The court's dismissal of the defendant's draft report was unwarranted. Although Dist./Mun. Cts. R. Civ. P. 64(c)(1)(ii) prescribes a ten day filing period for draft reports, said rule also provides for an extension of time upon request to the court. See generally, **Whitney v. Medeiros**, 56 Mass. App. Dec. 112, 115 (1975); **Microsonics, Inc. v. Comrex Corp.**, 39 Mass. App. Dec. 229, 232 (1968); **LeValley v. Rock**, 23 Mass. App. Dec. 182, 184 (1968). The lower court herein granted such an extension to the defendant. The defendant's submission of a draft report only eleven days after the denial of her Dist./Mun. Cts. R. Civ. P. 60 motion, and on the first day of the extended filing period granted by the court, was thus timely.

This cause of action is now in its seventh year of defaults and motions to remove the same. The interests of justice mandate a conclusive determination of whether the plaintiff is finally to retain the judgment awarded, or whether the parties are to proceed to a trial on the merits in consequence of the defendant's Dist./Mun. Cts. R. Civ. P. 60 motion.

The court's order of dismissal of the defendant's draft report is hereby vacated. This cause is remanded to the trial court for further proceedings under Dist./Mun. Cts. R. Civ. P. 64(f)[2] in preparation for a

---

[1] Rule 64(c)(5) of the Dist./Mun. Cts. R. Civ. P. provides: "If final action by the trial judge upon any draft report, other than upon an interlocutory matter, is not taken within three months after the filing thereof, and no petition for establishment of a report has been filed, the cause shall proceed as though no request for report had been made, unless the appellate division for cause shown shall allow further time. Notice under this rule shall be sent by the clerk to the parties in the case fourteen days at least before the three months or extended period expires." (emphasis supplied).

[2] Rule 64(f) of the Dist./Mun. Cts. R. Civ. P. provides, in relevant part, that "After notice of the allowance or establishment of a report, 15 days, exclusive of Sundays and holidays, shall be allowed the parties for filing briefs . . . The party seeking the report shall also file within said 15 days five additional copies of the report as allowed or established. There shall be filed with the clerk five copies of each brief, together with one additional copy for each adverse party. The clerk shall upon the expiration of said 15 days forthwith forward said reports and briefs to the presiding justice of his appellate division except those filed for the adverse party, together with five copies of the docket entries in said cause."

review on the merits by this Division.

So ordered.

Cowdrey, P.J.