Timothy E. SHEA[1]
Plaintiff

vs.

PIONEER NATIONAL BANK-
HAMPSHIRE [2]
& Another[3], Defendants

No. 348

District Court/Hampden, ss.
Appellate Division/Western District
Commonwealth of Massachusetts

December 13, 1982

Eric B. Gervais, counsel for plaintiff.
Alan S. Dambrov, counsel for defendant
and third-party plaintiff.
William H. Welch, counsel for third-
party defendant.

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield upon Petition to Establish Report and Report from the Northampton Division and, error having been found,

It is hereby

ORDERED: That the Clerk of the Northampton Division make the following entry in said case on the docket of said Court, namely: Defendant and third-party plaintiff's petition to establish a report is denied. The action of the trial justice in allowing the motion to extend

[1]Doing business as J. W. Bird Co.
[2]Defendant and third-party plaintiff
[3]Marino Grimaldi, third-party defendant

time for filing a request is reversed and the cause should proceed as if no request for report had been made.

**William T. Walsh, Justice**
**Bernard Lenhoff, Justice**
**Allan McGuane, Justice**

Opinion filed herewith.

**Robert E. Fein, Clerk**

## OPINION

**Walsh, P.J.** There are two matters to be resolved in this case before us. The first is a petition to establish a report brought by the Pioneer National Bank-Hampshire (Pioneer), both as a defendant and as a third-party plaintiff. The original complaint had been filed against Pioneer and it brought in Marino Grimaldi (Grimaldi) as a third-party defendant. The second is a report on the allowance of a post-trial motion by the trial justice by which the third-party defendant claims to be aggrieved.

We summarize the pertinent facts as they appear in the docket entries and affidavit. After a trial was held, judgment entered for the plaintiff on his complaint against Pioneer and for Grimaldi on the third-party complaint on November 14, 1980. Thereafter, on November 20, 1980, Pioneer timely filed a motion to amend, a motion for a new trial and a motion to stay judgment. On December 8, 1980, the judge denied the foregoing motions and on December 10, 1980 notices were issued. Then on December 22, 1980, Pioneer filed a request for report along with a draft report. This was fourteen days after judgment and not timely in accordance with Dist./Mun. Cts. R. Civ. P. Rule 64 (c)(1)(i) and (ii). **Wing v. Liziewski,** 59 Mass. App. Dec. 30, 34 (1976).

Some thirteen months later, on January 18, 1982, this petition now before us was filed. Following that, on January 25, 1982, Pioneer filed a motion to extend time for filing a request for report and on the same date the plaintiff filed a motion for entry of final judgment. On February 1, 1982 the plaintiff's motion was allowed and on the same date Pioneer's motion to

file late was also allowed. It is to the allowance of this latter motion that the plaintiff claims a report.

Pioneer's petition to establish report is not in order for allowance, since his request for report and draft report were not seasonably filed. **Calcagno v. P. H. Graham & Sons Co., Inc.,** 313 Mass. 364, 367 (1943). **Overstreet v. Chambers,** 56 Mass. App. Dec. 145, 147-148 (1975). In order to extend the time for filing a request for report a proper motion should have been filed in accordance with Rule 64 (c)(i) and (ii). **Whitney v. Medeiros,** 56 Mass. App. Dec. 112 (1975). The time when this might have been done had long since expired when Pioneer filed its request for report and draft report.[*] Pioneer argues excusable neglect, but that issue does not come into play under these circumstances.

The action of the trial court in allowing the motion to extend time for filing a request for report was a nullity. The rules for claiming appeals cannot be waived by the parties or changed by the court. **Murphy v. William C. Barry, Inc.** 295 Mass. 94, 97 (1936). Also, Rule 64(c)(5) holds in part "after a petition to establish the report is filed . . . , all motions shall be filed with the clerk of the trial court and by him forthwith forwarded to the presiding justice of the appellate division."

Defendant and third-party plaintiff's petition to establish a report is denied. The action of the trial justice in allowing the motion to extend time for filing a request is reversed and the cause should proceed as if no request for report had been made.

**William T. Walsh, P.J.**
**Bernard Lenhoff, J.**
**Allan McGuane, J.**

This certifies that this is the OPINION of the Appellate Division in this cause.

**Robert E. Fein, Clerk**

---

[*]See comments following Dist./Mun. Cts. R. Civ. P. Rule 64 as amended.