Doyle, P.J.
This is an action in contract to recover a deposit paid by the plaintiffs under ar. agreement for the purchase and sale of the defendant’s real estate.
The trial court entered judgment for the defendant on July 5,1984.
Twenty-two days later, on July 27,1984, the plaintiffs’ “Motion to Extend Time to File a Request for a Report and Draft Report” was entered on the trial court docket.The plaintiffs’ motion had been hand delivered by a courier service after the close of business in the trial court on the preceeding day, July 26,1984, and had been left in the care of a court custodian.
The trial court, after hearing, denied the plaintiffs’ motion to extend the time to file a request for a report and draft report. The plaintiffs now claim to be aggrieved by said denial of their motion.
. 1. Contrary to the plaintiffs’ contention, it is clear that the plaintiffs’ motion to extend the time to file a request for a report and draft report was filed too late to secure the relief sought by the plaintiffs.
A document may be deemed “filed” when, within the required time, it is placed in the official custody of the proper, filing officer. Forsberg v. Nickerson, Mass. App. Div. Adv. Sh. (1978) 46, 50, citing Hobart-Farrell Plumbing & Heating Co. v. Klaymen, 302 Mass. 508 (1959). Rule 5(e) of the *78 Dist./Mun. Cts. R. Civ. P. states that “the filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court.. . .” Depositing papers with a court custodian after the close of business in no way constitutes a valid filing with a court clerk. See, generally, Carr v. McDonough, Mass. App. Div. Adv. Sh. (1979) 246, 249; Forsberg v. Nickerson, supra at 50; Sherbros, Inc. v. Arlington Corp., 17 Mass. App. Dec. 127, 128 (1958). The plaintiffs’ motion was not “filed” until it was actually received by the clerk on July 27, 1984.
It is equally evident that the last day for a timely filing of a request for a report herein and thus of the plaintiffs motion was July 26, 1984. As judgment was entered on July 5, 1984, the initial ten day filing period prescribed by Dist./Mun. Cts. R. Civ. P. Rule 64(c)(l)(i) expired on Monday, July 16,1984.[2] In order to preserve their appellate options, it then became incumbent upon the plaintiffs to avail themselves of the additional time period afforded by that portion of Rule 64(c)(l)(i) which states:
Upon a showing of excusable neglect, the trial court may extend the time for filing a request for report by any party for a period not to exceed 10 days from the expiration of the time otherwise prescribed by this rule (emphasis supplied).
As the initial filing period expired on July 16, 1984, the maximum ten day extension for the submission of a request for a réport which could have been granted by the trial court thus ended on July 26, 1984.
The plaintiffs’ assertion that Dis./Mun. Cts. R. Civ. P. Rule 6(d)[3] permits the addition of three days to the Rule 64(c)(l)(i) ten day extension period is clearly erroneous. Rule 6(d) is operative solely in those instances in which a filing period commences upon actual “service of notice or other papers.. -. .” Goldstein v. Barron, 382 Mass. 181, 184-184 (1980). Rule 6(d) is wholly inapplicable to the ten day filing period prescribed by Rule 64(c)(1) which begins to run after “entry of judgment.” See, generally, Gordon v. Pantos Canvas Corp., 1983 Mass. App. Div. 26, 27; DiPompo v. Ken Realty Trust, Mass. App. Div. Adv. Sh. (1979) 294, 298-299.
As the last day of any permissible extension for the filing of a request for a report in this case was July 26, 1984, the plaintiffs’ July 27, 1984 motion for such an extension was untimely and thus ineffectual. A trial court enjoys no authority to waive, modify or expand the mandatory filing time provisions outlined in Dist./Mun. Cts. R. Civ. P. Rule 64(c)(l)(i) and (ii). Locke v. Slater, 387 Mass. 682, 685 (1982); Donovan v. Berkshire Gas Co., 1984 Mass. App. Div. 109, 110; Shea v. Pioneer Nat’l Bank-Hampshire, 1982 Mass. App. Div. 305, 306. Accordingly, the trial court’s denial of the plaintiffs untimely motion was required as a matter of law. Said denial is affirmed.
2. We note parenthetically that a seasonable submission of a Rule 64(c)(1) (i) motion to extend the time to file a request for a report does not in itself automatically secure the additional time requested. Such a motion to extend must be premised upon a showing of excusable neglect, and is addressed soley to the discretion of the trial justice. Federal Deposit Insurance Corp. v. Daniel, 1984 Mass. App. Div. 98, 99; Marquis v. Galasti, *79 1982 Mass. App. Div. 218, 219; Ardero v. Eagle Realty Assoc., Inc., 1982 Mass. App. Div. 203, 204-205. The trial justice’s evaluation of the grounds for the motion and ultimate disposition thereof will not be reversed on-appeal unless the court’s order constituted action “which no conscientious judge, acting intelligently, could honestly have taken.” Bartley v. Phillips, 317 Mass. 35, 43 (1944).
3. There being no error, the report is dismissed.

 The tenth day after judgment herein actually fell on Sunday, July 15, 1984. Rule 6(a) of the Dist./Mun. Cts. R. Civ. P. provides, however, that when the last day of a time period prescribed by the Rules falls on a Saturday, Sunday, or legal holiday, the “period runs until the end of the next day which is not a Saturday, Sunday or legal holiday.”

 Rule 6(d) of the Dist./Mun. Cts. R. Civ. P. states: “Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other papers upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period, [emphasis supplied].”