LoConto, J.
This matter is before the Appellate Division on the petition of the defendant to establish a draft report pursuant to Rule 64 (c) of the District/Municipal Courts Rules of Civil Procedure. A procedural history of the case is necessary to an understanding of the issues.
A trial of this matter was held on November 6, 1991, in the Springfield Division of the District Court. The entries indicate that a finding for the plaintiff on Count I and a judgment of the Court were entered on the docket on November 26, 1991. It is undisputed that thereafter counsel for the defendant delivered acopy of the defendant” s draft report to the trial judge. Also undisputed, is that no request for report and/or draft report was filed with the clerk. On February 3, 1992, an execution was issued by the court without any action taken on the draft report. On April 2, 1992, the defendant filed a motion to vacate judgment and for return of the execution, in addition to a motion to extend the time for filing a draft report. After hearing held before the trial judge, the defendant’s motions were denied on April 14, 1992. On April 16, 1992, the defendant petitioned this Division to establish the draft report previously delivered to the trial judge.
We deny the defendant’s petition for the following reasons. Rule 64(c) requires a filing of a request for report and/or draft report with the clerk of the court. Filing a copy of the request for report and/or draft report with the trial judge does not satisfy the rule. Westley P. Barry and another v. Herbert L. Connolly, 1985 Mass. App. Div. 77, citing Forsberb v. Nickerson, Mass. App. Div. Adv. Sh. (1978).
Where the failure to comply with the rules applicable to draft reports results in its dismissal (denial of a draft report is tantamount to a dismissal), the aggrieved party who desires to raise the question of the correctness of the dismissal should file a request for report and draft report on said dismissal, and then proceed as with any other request for report and draft report, since a dismissed petition cannot be established. Rule 64(c) (6) and (e). In addition the defendant aggrieved by the trial judge’s denial of post judgment motions should have filed a request for report and a draft report testing the correctness of the denial of the motions and not by petitioning to establish the originally filed draft report. Comfort Air Systems, Inc. v. Cocopardo, 370 Mass. 255 (1976).
For the above stated reasons we deny the defendant’s petition to establish the draft report.