ROSAMOND LYNCH & others *vs.* BOARD OF APPEAL OF BOSTON & others.

Suffolk.    January 15, 1973. — June 14, 1973.

Present: ROSE, GOODMAN, & ARMSTRONG, JJ.

*Zoning,* Board of appeals: appeal to board, jurisdiction of board; Conditional use.

Where an applicant for a permit for a zoning conditional use of premises in Boston failed to appeal from a denial of the permit by the building commissioner to the board of appeal within the time prescribed by St. 1956, c. 665, § 8, such failure, if a defect, was, by reason of the nature of the process for obtaining permission for such use, merely a procedural and not a jurisdictional defect, and where owners of properties in the neighborhood of the premises in question did not plead the defect in a suit in equity by them in the Superior Court by way of appeal under § 11 from a decision of the board of appeal granting permission for the use, they waived the defect and it was not open in the Superior Court or in this court on appeal from a decree of the Superior Court upholding the decision of the board. [356-357]

Failure of an applicant for a permit under the zoning code of Boston to pay a filing fee for a second appeal to the board of appeal did not deprive the board of jurisdiction to hear the case where the building commissioner transferred the fee paid for the first appeal to the second and processed the papers. [357]

The Boston board of appeal acted within its authority in determining that one seeking to build a nursery school in a district zoned for single family residences fulfilled the requirements of the Boston zoning code for a conditional use, and in granting permission for such use. [357-359]

BILL IN EQUITY filed in the Superior Court on October 1, 1971.

The suit was heard by *Kalus,* J.

*Joseph M. Cohen* for the plaintiffs.

*James F. Sullivan* for Gilmore G. Gessner & another.

ROSE, J.   This is an appeal from a final decree of the Superior Court upholding a decision by the board of appeal of Boston (board) under St. 1956, c. 665, as amended (enabling act), granting a conditional use[1] of the premises at 1000 Veterans of Foreign Wars Parkway (VFW Parkway) in West Roxbury. The several plaintiffs are owners of homes situated near the property, and the defendants are Gilmore G. Gessner, who owns the property, Living and Learning Centers, Inc., which has an agreement to purchase the site, and the board and the building commissioner. The court below made its findings, rulings and order for decree and, upon the plaintiffs' request for material facts, adopted its findings as a report of material facts. Part of the evidence is reported.

The land in question is a 30,350 square foot lot with a frontage of 357 feet on the VFW Parkway, in a district zoned for single family residential use (an S—.5 district).

On January 19, 1971, Living and Learning Centers, Inc., filed an application with the city of Boston building

---

[1] Section 6-1 of the Zoning Code: "As provided for in section 10 of Chapter 665 of the Acts of 1956, as now in force or hereafter amended, and in section 8-3 of this code, and subject to the provisions of sections 6-2, 6-3, and 6-4, the board of appeal may, in a specific case after public notice and hearing, grant permission for a use specified in Table A of section 8-7 as a conditional use . . .."

department seeking a permit to construct a one-story day nursery with partial second floor office area. This application was denied on February 24, 1971, on the grounds that the use applied for would be in violation of articles 8 and 20 of the Boston Zoning Code, in that the use requested is a conditional use within a single family zone and that the proposed rear yard depth of twenty-four feet was insufficient to meet the fifty-foot requirement set out by § 13-1, Table B. An appeal from that denial was filed with the board on March 9, 1971. On April 16, 1971, Gessner and Living and Learning Centers, Inc., requested permission to withdraw the appeal. Since public notice of the hearing had not yet been published in the newspaper, the board allowed the appeal to be withdrawn without prejudice. The case was determined to be closed in a letter from the board dated April 27, 1971. Nevertheless, a second letter of refusal of the original application was issued on May 14, 1971, by the office of the building commissioner stating that the intended use was conditional and that the proposed rear yard was insufficient. On May 17, 1971, an appeal was taken from that refusal. A public hearing was held on June 29, 1971. On August 20, 1971, Gessner and Living and Learning Centers, Inc., sent a letter to the board which outlined a proposed change on the site by increasing the rear yard area. On September 21, 1971, the board filed its decision which approved the conditional use, thus enabling the premises to be used for a day nursery school on condition "[t]hat the building be placed upon the land so that a sufficient rear yard is provided."[2]

Upon an appeal in equity to the Superior Court, § 11 of the enabling act, from the board's decision, a hearing was held to determine if the board was justified in making its decision. The trial judge concurred with the board.

The plaintiffs first argue that the board lacked jurisdiction to hear the appeal filed with it on May 17, 1971. While

---

[2] No question was raised as to whether the change which was approved was within the scope of the notice of the public hearing.

this argument is two-fold, each part is based on § 8 of the enabling act, which sets forth the procedure for appealing to the board from the refusal of a permit. "[A]ny person aggrieved by reason of being refused a permit . . . may appeal to said board of appeal within forty-five days after such refusal, order or decision by paying to the building commissioner a fee . . . ."

The plaintiffs suggest that the May 17 appeal was a nullity because the application had initially been denied on February 24, 1971, and therefore this appeal falls outside of the forty-five day time limit as set out in the enabling act.

This argument was first raised to the judge below in a discussion concerning whether or not certain evidence previously admitted de bene should be allowed to remain in evidence. The trial judge ruled that inasmuch as this issue had not been raised in the pleadings, any evidence concerning it was irrelevant unless the pleadings should be amended, and allowed a motion to strike the evidence. The plaintiffs did not move to amend their pleadings, nor did they except to the judge's ruling on the evidentiary question.

In effect, the argument was not heard below and consequently we should not hear it now, *Kagan* v. *Levenson,* 334 Mass. 100, 107, unless this can be deemed a jurisdictional question, which may be raised at any time. *Golden* v. *Crawshaw,* 302 Mass. 343, 344. *Attorney General* v. *Baldwin,* 361 Mass. 199. Ordinarily the failure to adhere to the time limitation on appeal is a jurisdictional defect. *Del Grosso* v. *Board of Appeal of Revere,* 330 Mass. 29, 32. *Greeley* v. *Zoning Bd. of Appeals of Framingham,* 350 Mass. 549, 552. The issue before us is different. While § 8 of the enabling act does set out a forty-five day time limit for an appeal to the board, we must examine the procedure involved in applying for a conditional use in order to ascertain fully the effect of this statute. Action by the building commissioner on an application for a conditional use is ex parte. It does not initiate proceedings by the commissioner in which other parties may intervene and in which their rights may be adjudicated. The building

commissioner must deny an application if the use requested is a conditional one. The board is given the sole power to grant a conditional use, not the building commissioner. § 6-1 of the Zoning Code. The filing of the application with the building commissioner, and his denial in this case, were mere matters of form and ministerial in nature. See *Kolodny* v. *Board of Appeals of Brookline,* 346 Mass. 285; *Kolodny* v. *Building Commr. of Brookline,* 346 Mass. 289. No question is adjudicated until it is heard before the board. Even a failure to appeal within the forty-five day period does not foreclose one's rights since a new application could be filed at any time. In effect, the procedure before the board is not an appeal at all but an original hearing. *Shoppers' World, Inc.* v. *Beacon Terrace Realty, Inc.* 353 Mass. 63, 68. The statute, then does no more than provide an orderly procedure for bringing matters before the board. In light of the above it is our conclusion that, if a defect existed at all, it was procedural, not jurisdictional, and one which the plaintiffs waived by their failure to raise it in their original pleadings or by subsequent amendment thereto.

The plaintiffs further argue that the failure of the defendants to pay a filing fee for the second appeal should deprive the board of its jurisdiction. The record before us is clear that the building commissioner transferred the fee paid for the first appeal to the second appeal. The plaintiffs have no standing to complain that no additional filing fee was paid. If the commissioner accepts the papers and processes them, the board has jurisdiction without regard to whether a fee has been paid at all.

The plaintiffs finally contend that the defendants have not sustained the burden of proving the requirements for a conditional use. The proposed use as a day nursery school is embodied within Use Item 17 of § 8-7 of the Zoning Code and is a conditional use within an S—.5 residential zone district.

Under § 6-3 of the Zoning Code, which controls the granting of a conditional use, certain conditions precedent must be satisfied before such a use may be granted:

"Section 6-3. Conditions required for approval. The board of appeal shall grant any such appeal only if it finds that all the following conditions are met: (a) the specific site is an appropriate location for such use . . . ; (b) the use will not adversely affect the neighborhood; (c) there will be no serious hazard to vehicles or pedestrians from the use; (d) no nuisance will be created by the use; and (e) adequate and appropriate facilities will be provided for the proper operation of the use."

Upon appeal, "the judge makes his own findings of fact, independent of any findings of the board, and determines the legal validity of the decision of the board upon the facts found by the court . . . ." *Bicknell Realty Co.* v. *Board of Appeal of Boston,* 330 Mass. 676, 679. The court below stated: "A reading of the decision of the board discloses . . . that due consideration was given by the board concerning each of the several conditions enumerated in the Zoning Code as prerequisites for the granting of the conditional use of the locus for a day nursery. The board's decision meticulously sets forth in considerable detail its reasoning in support of its ultimate conclusion that the applicable provisions of the law have been reasonably satisfied. In substance, the decision sets forth the manner in which the board reasoned from the subsidiary facts found to the ultimate decision reached. The court finds and rules that the board acted reasonably [and] fairly and that its decision is in no manner tainted by error of law or based on any untenable legal ground."

After a very extensive, well articulated and in-depth review of the evidence before it, the court concluded, "Based on the evidence adduced at the trial, the court finds and rules that all of the required prerequisites have been met. The locus is an appropriate location for a nursery school and it will not adversely affect the neighborhood. The evidence clearly demonstrates and is convincing that there will be no *serious* hazard to vehicles or pedestrians generated by the use. The evidence is virtually uncontroverted that adequate facilities will be provided for the proper operation of the nursery school. No nuisance will be

created by the use. The learning center is an experienced, first-rate, well-staffed organization, presently owning and operating twelve nursery schools in the greater Boston area" (emphasis original).

Our review of the record before us leads us to concur with the findings and rulings of the court below. We note that both the board and the court independently made the same findings after a careful review of the evidence. It is clear to us after a thorough consideration of the topography of the land, the nature of the neighborhood, the traffic conditions along the highway and the proposed use of the locus, that the board acted within its authority in determining that "all the conditions required for the granting of a Conditional Use under Article 6, Section 6-3, of the Zoning Code have been met . . . [and that the granting of the permit] will not conflict with the intent and spirit of the Zoning Code . . . ."

*Decree affirmed.*