THOMAS G. McGOWAN *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY & another.[1] February 15, 1983. This is an appeal from a decision of the Appellate Division of the Municipal Court of the City of Boston denying the plaintiff's petition to establish a report in the Boston Municipal Court. We affirm the denial of the petition.

The plaintiff was discharged on June 6, 1977, from his employment as a draftsman at the New England Medical Center, Inc. His application for unemployment compensation benefits was denied at every stage of review at the Division of Employment Security on the ground that he had been discharged for "deliberate misconduct in wilful disregard of the employing unit's interest," within the meaning of G. L. c. 151A, § 25 (*e*) (2), as appearing in St. 1975, c. 684, § 78.[2] On March 7, 1978, the plaintiff filed a petition for review in the Boston Municipal Court pursuant to G. L. c. 151A, § 42. A judge of that court remanded the case to the board of review of the Division of Employment Security for the purpose of taking further evidence. On January 24, 1980, the board of review issued a second decision, again finding that the plaintiff was discharged for deliberate misconduct.

The plaintiff appealed again to the Boston Municipal Court and on April 30, 1981, another judge of that court affirmed the decision of the board of review on the ground that it was supported by substantial evidence. On May 27, 1981, the plaintiff filed in the Boston Municipal Court a notice of appeal, and on June 1, 1981, filed a "Brief of Notice of Appeal." The judge held a hearing on the "Brief of Notice of Appeal." In an effort to assist the plaintiff, who appeared pro se, with the perfection of his appeal, the judge explained to him the applicable rules of civil procedure. The judge gave the plaintiff leave to file an amended draft report, and the plaintiff filed a document so titled that day. The judge then dismissed the plaintiff's claim of appeal on the ground that he had not complied with the requirements for claiming an appeal, as set out in Dist. Mun. Cts. R. Civ. P. 140 (1975). The plaintiff filed a petition in the Appellate Division to establish the report. This was denied, and that ruling is the subject of this appeal.

Rule 140 of the District Municipal Courts Rules of Civil Procedure, governing the procedure for appeals from District Court decisions in employment security cases, provides in the first paragraph that a draft report shall "state the nature of the proceedings, the findings of the trial judge, and so much only of the evidence submitted to the trial judge as may be sufficient for a full understanding of the questions presented by the appeal." As the Appellate Division stated in its opinion, the plaintiff's draft report set out "in enormous detail petitioner's version of the facts but [did] not . . . summarize the evidence in such a way so an appellate court

---

[1] New England Medical Center, Inc.

[2] The reason for the plaintiff's termination is not at issue in this appeal.

might be able to identify the issues." Rule 140 also provides in the fourth paragraph that a party petitioning the Appellate Division to establish a draft report must file "his petition, including a copy of the draft report . . . and five copies thereof verified by affidavit of the party or his attorney setting forth in full his claim of appeal and all of the facts material thereto." The plaintiff's failure to comply with these requirements of rule 140 is fatal to his appeal.[3]

"A pro se litigant is bound by the same rules of procedure as litigants with counsel." *International Fidelity Ins. Co.* v. *Wilson*, 387 Mass. 841, 847 (1983). The Supreme Judicial Court, to which an established report may be directly brought under G. L. c. 151A, § 42, cannot perform its function unless it can intelligently analyze the evidence before the board of review.

We affirm the order of the Appellate Division denying the plaintiff's petition to establish a report.

*So ordered.*

*Thomas G. McGowan,* pro se.

*David M. Mandel* for New England Medical Center, Inc. (*George J. Mahanna,* Assistant Attorney General, for Director of the Division of Employment Security, with him).

---

[3] We need not consider the Director's argument that a petition to establish the draft report was improper procedure and that the plaintiff should have filed a request for a draft report to appeal the dismissal of his claim of appeal.