Tiffany, J.
This is an action in contract in which the plaintiff seeks to recover a sum of money from the defendant for the rental of an automobile. The defendant alleged as an affirmative defense that there was an agreement between the plaintiff and the defendant that the defendant would not be held personally liable for the costs of the rental.
The sole issue before this Division is the propriety of the trial court’s allowance of the plaintiff’s Dist./Mun. Cts. R. Civ. P. Rule 56 motion for summary judgment.
The plaintiffs motion was supported by an affidavit and the defendant submitted a counter-affidavit setting forth in detail the specifics surrounding his affirmative defense. In a motion for summary judgment, the court is not permitted to examine the credibility of the evidence. Kesler v. Pritchard, 362 Mass. 132 (1972). In drawing inferences from the affidavits, depositions, exhibits or other material, the court must view them in the light most favorable to the party resisting the motion. Rogen v. Ilikow Corp., 361 Fed. 2d 260 (1966).
In the case sub judice, the question of whether the plaintiff had agreed that the defendant would not be personally liable for the rental, and that the company would bill the insurance company directly for payment of the rental is a question of material fact precluding summary judgment in favor of the plaintiff. Tauro v. Fitzmaurice, 7 Mass. App. Ct. 884 (1979).
The defendant has, at least minimally, demonstrated the existence of a question of fact relative to the inducement to sign the rental agreement premised on the company’s assurance that they would bill the insurer.
Accordingly, the trial court’s entry of summary judgment for the plaintiff is vacated, and this case is remanded for further proceedings in the trial court.

So ordered.