Shubow, J.
This appeal seeks review of the allowance by the trial judge of a motion for summaryjudgment in favor of the sellers who were being sued for a commission by a real estate broker. Because the pleadings and the affidavits filed in connection with the motion disclose a substantial factual dispute as to whether failure to consummate the transaction was due to the acts of the defendants, we reverse.[3]
The historical or subsidiary facts are clear.
The parties entered in September 1982 into an agreement (aso-called listing agreement) under which the plaintiff undertook to find a purchaser of the defendants’ real estate. The plaintiff was successful and the defendants entered into the conventional form of purchase and sale agreement with buyers produced by the plaintiff broker. That agreement, drawn by the defendants’ attorney, contained the language “A broker’s fee for professional services of 6% ... is due from the seller to J.L. Pratt Realtors [the plaintiff], if and when papers are passed and the deal is recorded.” The broker did not sign the agreement and contends she is not a party to it. The defendant in her affidavit asserts that the plaintiff entered into a further agreement extending the time for passing, thus ratifying the basic document. That agreement, if written, is not set out in terms in the record before us. There thus appears what maybe described as a secondary controversy over just what the parties agreed were the circumstances under which a commission would be payable.
The conveyance became endangered when it was discovered that the husband and father of the sellers had recorded a lis pendens. Thereafter, in connection with divorce and equity proceedings in the probate court, a resolution of the marital controversy eventuated which involved conveying the subject premises to the husband.
*142 In her affidavit, the defendant asserts she was ordered ... “[to] convey all her right, title and interest” to her former husband and “consequently neither she nor her daughter “were able to convey a good and clear and marketable title ... in accordance with the Purchase and Sale agreement dated February 16,1983, as amended and extended on March 25,1983.” The factual claim, in short, is that the defendant did not voluntarily breach her undertaking but acted under the force majeure of a judicial command. The plaintiffs lawyer filed an affidavit asserting, based on an examination of the probate court records, “The judgment in the equity case was by agreement of the parties.”
It seems to us abundantly clear that two factual disputes exist. One has to do with the precise contours of the agreement between the broker and the defendant. The other has to do with whether the proposed conveyance fell through because of the voluntary act of the defendants. The factual determination will lead directly to the correct legal conclusion. Compare Tristram’s Landing, Inc. v. Wait, 367 Mass. 622, 625-627 (1975), with Creed v. Apog, 6 Mass. App. Ct. 365, 372 (1978), S.C. 377 Mass. 522 (1979). See, also, Leech v. Ebers, 12 Mass. App. Ct. 1004, 1005 (1981). In the face of what, to put the best appearance on it, was the equivocal role of the defendants in the probate court, this cannot be said to be a case where there “could be no inference of bad faith.” See the recently decided case of Capezzuto v. John Hancock Mutual Life Ins. Co., 394 Mass. 399, 404 (1985).See, also, Lewis v. Emerson, 391 Mass. 517, 524-525 (1984).
The action of the trial judge in ordering summary judgment for the defendant constituted an error of law. See Dist./Mun. Cts. R. Civ. P., Rule 56. See Community National Bank v. Dawes, 369 Mass. 550 (1976).
The case is remanded to the Dedham Division for trial or other disposition consistent with this decision.

 The Report indicates neither party filed any requests for rulings. That failure generally, but not always, will prevent this court from action. See Bushnell v. Bushnell, 393 Mass. 462, 475 (1984). See also Pion v. Pezza, No. 379, decided in this Division on February 14, 1985. Review of cases involving decisions on summaryjudgment without regard for requests for rulings is common, at least where, as is the case here, the question of law being presented is clear, is set forth in the Report and has been fully briefed. See, for example, Basch and Sons v. Travelers Indemnity Company, 1983 Mass. App. Div. 45, 47; Hayes v. Brody, 1983 Mass. App. Div. 58, 59; Integrity Leasing Corp. v. Pantelis, 1983 Mass. App. Div. 138. Cf. Olson v. Town of Dennis, 1983 Mass. App. Div. 70, 71. A different issue is presented by the plaintiffs prayer in her brief that summary judgment be entered for her. A motion seeking such relief was not filed in the trial court. Even though it was open to the judge to grant such relief upon the defendants’ motion for summaryjudgment, no request for a ruling was filed framing that question for briefing by the other side and consideration here.