Welsh J.
This is a complaint in which a tenant claims to be aggreived by a decision of the Brookline Rent Control Board granting the landlord a certificate of exemption on the grounds that the premises is an owner-occupied three family house.
*187 Upon review in the district court, the decision of the board was affirmed in a Memorandum of Decision dated November 23, 1984. The clerk/magistrate executed a document entitled “Judgment” on the same date and sent copies of the Judgment pursuant to Rule 77(d). The Judgment was entered on the docket as required by Rule 79(a) Mass. R. Civ. P., 365 Mass. 839, 840[2].
The docket shows no activity by any party until February 11,1985, at which time plaintiff filed a draft report, request for draft report and requests for rulings of law.
The judge who conducted the judicial review ordered that the request for report be denied, and that the draft report be deemed a legal nullity inasmuch as the filing was nearly three months after the decision sought to be appealed. The sole issue on appeal is the propriety of this order.
There was no error.
1. Rule 64(c)(l)(i) Dist./Mun. Cts. R. Civ. P. requires that requests for reports be filed, with certain exceptions not material, within 10 days of the date of entry of judgment. Appellant’s brief presumes, correctly in our view, that the untimely filing of request for report and/or draft report works a forfeiture of the right to appeal. Failure to appeal in a timely fashion is generally viewed as a defect of jurisdictional dimension. Lynch v. Board of Appeals of Boston, 1 Mass. App. Ct. 353, 356 (1973). This view pertains not only to failure to commence appeal in a timely manner in actions at law [see Conway v. Murphy, 287 Mass. 536, 537 (1934); Murphy v. William C. Barry, Inc. 295 Mass. 94, 96 (1936)], but also as to initiation of petitions for judicial review of administrative board decisions. Flynn v. Contributory Retirement Board, 17 Mass. App. Ct. 668, 669 (1984). As was recognized in Schulte v. Director of Div. of Employment Sec., 369 Mass. 74, 79 (1975), the“... attempted institution of an appeal seeking judicial review of an administrative decision after the expiration of the period limited by a statute or rule” was a prime example of an error or omission “seen on [its] face as so repugnant to the procedural scheme, so destructive of its purposes, as to call for dismissal of the appeal.” Id. at 79. Timely, substantial compliance with applicable statutes and rules of court are required of a litigant seeking further appellate review of the decision of an administrative agency. Failure to comply is fatal to the appeal McGowan v. Director of the Div. of Employment Sec., 388 Mass. 1003, 1004 (1983); Murphy v. Director of the Div. of Employment Sec., 372 Mass. 865 (1977).
2. Perhaps in recognition of the untenability of attempting to pursue an appeal untimely filed by nearly three months, the plaintiff espouses another line of attack. In essence, the claim is that since the clerk prepared the judgment and entered it without obtaining the approval of the judge as to the form of the judgment, the judgment is a nullity. Since the judgment is a nullity, the time for claiming an appeal has never begun to run.
The plaintiffs argument that the judgment was irregularly entered and therefore a nullity is without merit.
Rule 58(a), Dist./Mun. Cts. R. Civ. P. directs that the clerk, unless the court orders otherwise, is to forthwith prepare, sign and enter judgment upon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied. If the court decides to grant other relief, the court is to approve promptly the form of judgment and the clerk is to enter the judgment. A judgment is effective only when so set forth or filed and when entered as provided in Rule 79(a).
*188 The plaintiff contends that the decision of the court in this case was neither one that a party recover a sum certain or costs, nor one denying all relief, and t^at since it is in neither of these two categories, the clerk lacked the authority to enter judgment unless and until the court approved the form of judgment.
The rule distinguishes between uncomplicated judgments, which the clerk may enter on his own unless the court orders to the contrary, and other judgments, for which court approval is required. C.A. WRIGHT & A.R. MILLER, FEDERAL PRACTICE AND PROCEDURE, §2781. It is clear that judgment should be entered forthwith by the clerk after a decision of the court denying all relief. Roberts v. Ross, 344 F. 2d 747, 753 (3d Cir. 1965); Wagner v. U.S., 316 F. 2d 871 (2d. Cir. 1963). The court’s decision affirming the decision of the board was, in effect, a decision denying all relief from the plaintiffs viewpoint, since a reversal or modification was being sought. It might be a different case if a remand were ordered with further proceedings before the board contemplated. Compare Jung v. K. & D. Mining Co., 356 U.S. 335 (1958), wherein it was held that an order for dismissal of an action with leave to amend was not an order that all relief be denied, since it leaves the suit pending for further proceedings either by way of amendment or by entry of a final judgment.
Even if it be assumed, arguendo, that the sort of judgment in issue here does not squarely fall within a category which the clerk is to enter judgment, absent direction to the contrary by the court, there are a number of situations wherein the clerk is under an obligation to enter judgment without any formal interposition by the court. For example, Rule 55 authorizes the clerk to enter a judgment by default when: (1) the plaintiffs claim is for a liquidated amount; (2) the plaintiff requests the clerk to enter judgment and makes affidavit of the amount due; (3) the defendant has been defaulted for failure to appeal; and (4) the defendant is not under certain incapacities.-The conjunction of all these factors constitutes a “standing instruction” to the clerk to enter judgment without any directive from the court. In other default situations, the court itself is to render judgment; and then the clerk is to enter judgment pursuant to Rule 58[3]. Another example of such a “standing instruction” is found in Rule 68, Mass. R. Civ. P., 365 Mass. 835 (1974), dealing with offers of judgment. That Rule provides, in part, as follows:
If within 10 days after service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment, [emphasis added]
Several other examples may by found in J.W. MOORE, FEDERAL PRACTICE. Paragraph 58.04. These are illustrative of cases where the Rules of Civil procedure themselves constitute “standing instructions” for the clerk to enter judgment in certain situations without action by the court.
We take judicial notice that the Brookline District Court often has occasion to review decision of the Brookline Rent Control Board. The clerk may well be under a “standing instruction” to enter judgment in the particular form utilized whenever the court decides that the determination of the rent control board is affirmed. There is no evidence to suggest the absence of such an instruction. There is not intimation that the judgment which was entered in the docket was not an appropriate one in view of the court’s decision. Nor is there any indication as to lack of timely notice of the entry of judgment. In view of such circumstances, it seems to us to constitute a triumph of form over a *189 substance to conclude that there was no judgment entered in this case. The remorseless, mechanistic application of every formality of Rule 58 is no longer in fashion. See Lewis v. Emerson, 391 Mass. 517, 519 (1984).
The order dismissing the request for report and draft report was correct. The report is dismissed.
So ordered.

 The district court version is identical with the exception of a provision not material to this appeal. The judgment is appended as Exhibit "A".

 The aphorism is that the rendition of judgment is a judicial act, and the entry of judgment a ministerial act of the clerk.