Shubow, J.
The most direct wa.y to address the problem presented by the report before us is to set the report forth verbatim:
“This is an action of tort for personal injuries brought by the Plaintiff, Jacalyn Gerstel, (PLAINTIFF) against two Defendants, Denise Linehan (LINEHAN) and Willis Mathis (MATHIS), for injuries sustained by her in a collision of two motor vehicles in Boston on May 7, 1987.- The Complaint sounds in two counts alleging in each respectively, that each Defendant was negligent and each’s negligence was the proximate cause of the Plaintiffs damages and injuries.
• "On May 25, 1988, the Defendant, Linehan, presented her Motion for Summary J udgment and entry of Separate Judgment which Was allowed.
“This report contains all the evidence material to the question reported.
“The Plaintiff claims to be aggrieved by the ruling of the District Court hereby reports the same to the Appellate Division for the termination.”
The report fails to present any issue of law for our consideration. It was drafted with little or no appreciation of Dist./Mun. Cts. R. Civ. P., Rule 64, or Form 33 offered as a model for the contents of such reports printed at the end of the rules. We are obligated to rely on the report to supply the factual context in which, the contested legal issue was presented. The naked assertion “This report contains all the evidence material to the question reported” is not a mere incantation or mantra that guarantees the adequacy of the report. Unless the party aggrieved by allowance of a motion forsummaryjudgment can show that the evidence set forth- in the report, when examined in its aspect most favorable to that party, gives rise at least to an argument that some material *159 factual differences divided the parties, the party has nothing to stand on in this forum. See Hub Associates, Inc. v. Goode, 357 Mass. 449 (1970); see Pratt v. Johnson, 1985 Mass. App. Div. 141.(1985). See also the numerous cases collected at M.G.L.A. c. 231, § 108, n. 214. Nor are we free to turn to the briefs of the parties for insight as to what facts were admitted or uncontradicted or stipulated to or binding on one party or the other. A contested issue before an appellate division should be susceptible of decision without reference to any evidentiary material[2] other than that recited in the report or incorporated therein as a matter of right or with leave in accordance with the rule. One reason for not turning to the briefs for such matter is the obvious one that the parties may not agree on what the evidence was. The rule seeks to prevent what would otherwise be irresolvable conflicts by requiring plainly “ [f]acts or evidence relied on shall be referred to by the page of the report.” That salutary prescription has not been followed here and, of course, could not be by reason of the profound silence of the report.
We are not unmindful of criticism of the rule as presenting a minefield of hazards for even the most careful practitioner.
Rule 64 was recently described by Justice Kass, concurring in Brown v. Quinn, 27 Mass. App. Ct. 288 (1989), as follows: “the vestigial procedure which still governs appeals to the Appellate Division is unfamiliar to much of the bar and, as such, beset with traps” (at p. 292).[3]
It is obvious that we have before us no evidence at all. The recitals of the “facts” in the briefs of the parties are in conflict at least to the extent they do not cover the same terrain. On the other hand the failings of this report are too egregious to permit the tolerance of procedural missteps symbolized by Cape Cod Bank and Trust Co. v. LeTendre, 384 Mass. 481 (1981).
If the formal deficiencies were not sufficient to require dismissal of the report, the untimeliness of the filing of the report leaves us no choice. Reiman v. Brookline Rent Control Board, 1985 Mass. App. Div. 186. The final action of the trial judge dismissing the case was taken on May 27,1988. According to the docket, the plaintiffs report was not filed until September 22, 1988. See Microsonics, Inc. v. Comrex Corp., 39 Mass. App. Dec. 229 (1968).
No error having been shown the report on the part of the judge, the report is dismissed.

 The exception is a copy of the docket entries required by Rule 64(f) to be forwarded by the clerk along with briefs and copies of the report.

 A committee appointed by the Ch|ef Justice of the District Court Department is presently • consulting the bar and the judiciary with the goal of proposing changes in the rule that respond to recent criticisms.